Santiago Alberto HERBERLING,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00487–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 18, 1991.

Discretionary Review Granted
Oct. 23, 1991.

Robert Turner, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Kimberly Aperauch Stelter, Ted Wilson, Asst. Harris County Dist. Atty., for appellee.

Before HUGHES, SAM BASS and DUNN, JJ.

## OPINION

HUGHES, Justice.

This appeal is taken from a conviction for delivery of more than 400 grams of a controlled substance (cocaine). After the jury verdict, the trial court sentenced Santiago Alberto Herberling, appellant, to 20–years confinement and assessed a $5000 fine. We affirm.

On November 14, 1988, Houston police Officer Nick Wilson, while posing as the brother-in-law of a police informant, Marcilo Nagid, made a buy of cocaine. Wilson met with Nagid's neighbor, Alberto Ilarty, and Fernando Otarola at Nagid's apartment. As part of the ruse, Wilson brought $22,000 in cash. After seeing the money, Ilarty told Wilson to go with him to get the cocaine. Wilson refused, and sent Nagid to go with Ilarty.

Nagid drove his van to an apartment complex across the street. Ilarty instructed Nagid to park in the parking lot behind the apartment complex. They waited approximately five minutes before appellant drove up in a pickup truck, and parked in front of Nagid's van. Ilarty and Nagid got out of the van and approached the pickup. Ilarty told appellant that the money had been counted and he should "bring over the cocaine." Appellant left, and returned in a blue Camaro. Appellant handed a Ritz cracker box to Ilarty. After appellant handed the box to Ilarty, who in turned handed the box to Nagid, Nagid opened it and saw that it contained what appeared to be a kilo of cocaine.

Nagid returned to his van and went back to his apartment. Appellant followed him in the blue Camaro, and Ilarty remained in the parking lot. Nagid entered his apartment and handed the box to Wilson. After Wilson determined that the box contained cocaine, he signaled surveillance police officers to arrest those parties involved in the transaction. Otarola was arrested inside Nagid's apartment. Nagid was taken outside and asked to identify appellant, who was then inside a police patrol car. Nagid identified appellant as the same person who had followed him after giving Ilarty the cocaine.

In this appeal, appellant raises six points of error. We shall examine appellant's sixth point of error first. It comes by way of a supplemental brief, and the State argues that it is, therefore, waived. *See Coleman v. State*, 632 S.W.2d 616, 619 (Tex.Crim.App.1982). However, because the grounds raised by the supplemental brief attack the legal sufficiency of the evidence, we shall treat them as unassigned error and address their merits. *See Boutwell v. State*, 719 S.W.2d 164, 173 (Tex.Crim.App.1985) (op. on reh'g) (fundamental fairness and considerations of due process require court's attention to point's of error raised by supplemental brief).

█ In point of error six, appellant asserts the evidence is legally insufficient to uphold the conviction because 1) the court's charge states "before you would be warranted in convicting the defendant, you must find beyond a reasonable doubt that the exhibit introduced in evidence by the State is cocaine;" and 2) the alleged cocaine was never admitted into evidence.

Appellant argues that he must be acquitted under the rule pronounced in *Arceneaux v. State*, 803 S.W.2d 267 (Tex.Crim. App.1990). In *Arceneaux*, the charge required a finding similar to the one complained of here. However, in that case, the cocaine at issue was of such a minute quantity it was destroyed in testing. Consequently, all that was introduced into evidence was an envelope that once contained the cocaine. The court held that the burden was on the State to object to the charge, and its failure to do so, coupled with the fact that no cocaine was admitted into evidence, required the case be reversed and appellant be acquitted. *Id.* at 271–72.

This case is factually distinctive from *Arceneaux* in at least two regards. First, in the instant case, the cocaine was marked as State's exhibit 2–A and displayed before the jury. Second, the exhibit was identified as cocaine. Wilson identified exhibit 2–A as the substance he had taken out of the "Ritz box" on the day of appellant's arrest. Later in the trial, Claudia Busby, a Houston Police Department chemist, testified that exhibit 2–A was in fact cocaine. Under these circumstances, we conclude that the State's failure to admit the cocaine into evidence does not affect the fact that it was introduced before the jury. Therefore, we hold the fact that the cocaine was placed before the jury constituted evidence sufficient to support the charge.

Appellant's sixth point of error is overruled.

█ In appellant's first point of error, he asserts that the evidence was insufficient to convict him for delivery by actual transfer to Wilson.

At trial, the State's prosecutor withdrew two charges in the indictment (delivery by

offer to sell to N.C. Wilson and delivery by constructive transfer to N.C. Wilson, a controlled substance). At the conclusion of appellant's evidence, the trial court submitted the charge of actual transfer to the jury. In addition, an instruction on the law of parties was given in the charge.

Under the law of parties, a conviction for delivery by actual transfer, will be sustained even when: 1) the person convicted has been charged with actual transfer to a police officer; and 2) that person transferred the controlled substance to an informant, serving as an intermediary and agent for the police, who in turn transferred it to the police officer. *Boyer v. State*, 801 S.W.2d 897, 898 (Tex.Crim.App.1991). In the *Boyer* case, the defendant complained that he was convicted under the law of parties for the acts of a police informant who could not be held criminally responsible for his conduct. The court there determined that, pursuant to TEX.PENAL CODE ANN. § 7.03(2) (Vernon Supp.1991), a defendant may be convicted for the acts of a police informant, solicited by the defendant, under the law of parties because, "the proper focus is on the conduct of the informant, not whether he is criminally responsible." *Id.* at 899.

In this case, the trial court charged appellant, Ilarty, and Otarola under the law of parties, but failed to charge Nagid (the informant) as a party. Because the evidence shows that appellant handed the cocaine to Ilarty, who handed it to Nagid, who in turn handed it to Wilson, appellant concludes he could not have been convicted for actual transfer of a controlled substance to Wilson. Appellant cites the plurality decision, *Conaway v. State*, 738 S.W.2d 692 (Tex.Crim.App.1987), as controlling authority.

In that case, Conaway was charged with actual transfer of a controlled substance to Department of Public Safety officer Danny Green. The evidence presented at trial established that Conaway handed a bag containing marijuana to Kenneth Williams, who in turn handed it to Green. In ordering Conaway's acquittal, the plurality held, "actual delivery" consists in completely transferring the real possession and control of a controlled substance from one person to another person. *Id.* 738 S.W.2d at 695.

In his concurrence, Justice Sam Houston Clinton noted that Black's Law Dictionary (revised 4th edition) states:

> "Actual delivery consists of the giving real possession to the vendee or *his servants or special agents* who are identified with him in law and represented him. It is a formal immediate transition of the property to the vendee. It contemplates a manual transfer of property."

738 S.W.2d at 697 (emphasis added). Justice Clinton concludes that while the above meaning originated in "law merchant" it is equally applicable to transfers amounting to a delivery of controlled substances. *Id.* at 698.

In this case, the evidence provides that at the time of the transfer, there existed a written agreement between Nagid and the State. In essence, the agreement stated that the State would recommend the dismissal of several offenses against Nagid in return for a minimum of two indictable cases being made, on two individuals, for possession or delivery of cocaine. The agreement was made between Nagid, Wilson, and Bob Stabe of the Harris County District Attorney's office. Under the terms of the agreement, Nagid was to act on behalf of, and was subject to, Wilson's control.

Such an agreement demonstrates that an agency relationship existed between Nagid and Wilson. *Ackley v. State*, 592 S.W.2d 606, 608 (Tex.Crim.App. [Panel Op.] 1980); *see also Boyer*, 801 S.W.2d at 897 (individual who serves as an intermediary acts as agent for law enforcement officer). Additionally, we note that Nagid is statutorily characterized as a law enforcement *agent* under the entrapment provisions of the Texas Penal Code. TEX. PENAL CODE ANN. § 8.06(b) (Vernon Supp.1991).

Because the evidence was sufficient to show appellant made an actual transfer to Nagid, and that Nagid was Wilson's agent, we hold the evidence was sufficient to support a conviction for actual transfer to Wilson.

Appellant's first point of error is overruled.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. The judgment is affirmed.