Julius COHEA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00087–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 7, 1993.
Rehearing Denied Jan. 28, 1993.
Discretionary Review Refused
April 7, 1993.

Frank Blazek, Huntsville, for appellant.

David S. Barron, Anderson, for appellee.

Before MIRABAL, DUGGAN and DUNN, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant, Julius Cohea, Jr., guilty of delivery of a controlled substance, namely, cocaine weighing less than 28 grams. The jury assessed punishment at 30–years confinement and a $10,000 fine. We affirm.

 In a sole point of error, appellant asserts the evidence is insufficient to support his conviction. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex. Crim.App.1984). The critical inquiry is whether, after viewing the entire body of evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The standard of review is the same for both direct and circumstantial evidence. *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim. App.1991); *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984).

The evidence, viewed in the light most favorable to the judgment, follows. Officer Tammy Jones, of the Brazos Valley Narcotics Trafficking Task Force, conducted an undercover operation in Navasota, Texas, from August through November of 1990. Officer Jones was assisted by Derrell DeLoach, a student intern at the district attorney's office. Officer Jones and DeLoach posed as a married couple who attended Prairie View University, and who periodically came into Navasota to purchase cocaine.

On the evening of November 1, 1990, Officer Jones and DeLoach went to Navasota to make a purchase. As they drove down the street, Cynthia Jefferson waved them down. On at least five previous occasions, Jefferson had been present when Officer Jones and DeLoach purchased crack cocaine.

On the current evening, Jefferson asked if they were "looking to buy some crack," and Officer Jones told Jefferson that she was looking for $100 worth of crack. Jefferson suggested they go "to Pops' house." Jefferson got into their car and directed them to appellant's house. They parked in Jefferson's driveway; Jefferson's house was directly across the street from appellant's house. Officer Jones and DeLoach remained in the car while Jefferson took the $100 and walked across the street to appellant's house. Jefferson returned shortly, and reported that appellant was not home. Officer Jones, DeLoach, and Jefferson then drove around town looking for appellant. They found him at a grocery store pumping gas into his truck.

They pulled in behind the truck and parked. Jefferson got out of their car and approached the truck. She talked to appellant and a man and woman sitting inside the truck. Officer Jones recognized the man in the truck as "Tip," someone she had purchased drugs from before. Jefferson returned to the car and told Officer Jones and DeLoach that she would set up a deal and "do [them] right." Jefferson instructed Officer Jones and DeLoach to follow appellant's truck. They drove down a dirt road. When they stopped, Jefferson, still in possession of the $100, got out of the car and walked over to the truck. Tip

exited the truck and said "Pops only has twenties." Jefferson returned to the car and gave Officer Jones and DeLoach five rocks of crack cocaine. Officer Jones and DeLoach allowed Jefferson to take a pinch of one of the rocks. Jefferson then went back to the truck and left with appellant.

The indictment alleged that appellant did "intentionally and knowingly deliver to TAMMY JONES a controlled substance, namely COCAINE of less than twenty-eight grams by ACTUALLY TRANSFERRING said controlled substance." (Emphasis original.) Appellant contends that the evidence was insufficient to prove that he "actually transferred" the cocaine as alleged in the indictment. Appellant argues that, although the State throughout the trial relied on and argued the law of parties to obtain his conviction, the jury charge failed to *apply* the law of parties to the facts. The jury charge reads as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of NOVEMBER, 1990, in GRIMES County, Texas, JULIUS COHEA, the defendant, intentionally or knowingly delivered to Tammy Jones a controlled substance, namely cocaine, of less than twenty-eight grams by actually transferring said controlled substance, then you will find the defendant guilty as charged in the indictment.

The charge defined the law of parties *in the abstract;* however, it did not apply the law of parties to the facts.

The State concedes that it cannot obtain a valid conviction based on the law of parties when the jury charge fails to incorporate the law of parties within the application paragraph. A conviction of a defendant *as a party* cannot stand even if the law of parties is defined in the abstract of the charge and relied on during the trial, if it was not applied to the facts in the application paragraph of the charge. *Biggins v. State,* 824 S.W.2d 179, 180 (Tex. Crim.App.1992); *Walker v. State,* 823 S.W.2d 247, 248 (Tex.Crim.App.1991); *Jones v. State,* 815 S.W.2d 667, 670 (Tex. Crim.App.1991).

Therefore, under the charge, the evidence must show *appellant* made the actual delivery in order for the verdict to be supportable. The State argues that Jefferson was Officer Jones' agent, and therefore, when appellant delivered the cocaine to Jefferson, he also delivered the cocaine to Officer Jones. The Court of Criminal Appeals applied this reasoning in *Heberling v. State,* 834 S.W.2d 350 (Tex.Crim. App.1992). In *Heberling,* an informant was working under a written agreement to cooperate with the police. *Id.* at 353. As in the case at bar, the jury was given an abstract charge on the law of parties, but it was not incorporated within the application paragraph of the charge. Therefore, the court could not uphold a conviction based upon the law of the parties. *Id.* at 352. However, the court held there was enough evidence presented at trial that the jury could have concluded the informant was an *agent of the police,* even though the jury was not charged on the law of agency. *Id.* at 353. The court held that the delivery of cocaine from tř defendant to the informant constituted an *actual transfer* to the police officer. *Id.* at 354. The court held that:

> an actual transfer or delivery, as commonly understood, contemplates the manual transfer of property from the transferor to the transferee *or to the transferee's agents or to someone identified in law with the transferee.*

*Id.* at 354 (emphasis original).

The State argues that, applying the reasoning in *Heberling* to the case at bar, Jefferson was acting as Officer Jones' agent, and the transfer of the cocaine by appellant to Jefferson was an actual transfer to Officer Jones. The State points to the evidence that Officer Jones authorized Jefferson to purchase cocaine for her with the implied promise of compensation, that Officer Jones told Jefferson exactly what she wanted, and Jefferson acted on her behalf, as Officer Jones' agent.

Appellant replies that Jefferson was not an agent of Officer Jones, pointing to the lack of any evidence that Jefferson was working under the control or direction of

Officer Jones. Appellant argues that, at best, Jefferson was acting as an independent contractor.

We find no evidence showing that Jefferson was under the control of Officer Jones. Although Jefferson agreed to purchase the cocaine for Officer Jones, she was not obligated to do so. Nor was Jefferson obligated to purchase the drugs from a specific supplier. The only instruction that Officer Jones gave Jefferson was that she wanted $100 worth of crack cocaine. Unlike the informant in *Heberling*, Jefferson did not have an agreement, written or oral, whereby she made a commitment to cooperate with the police. However, as we read *Heberling*, even an "independent contractor" who is acting on behalf of a buyer in a particular drug transaction can be an "agent" of the buyer for purposes of determining whether an "actual transfer" has taken place.

In *Heberling*, the court specifically held that "an actual transfer or delivery, as commonly understood, contemplates the manual transfer of property from the transferor to the transferee *or to the transferee's agents or to someone identified in law with the transferee*." 834 S.W.2d at 354 (emphasis original). The court noted that its construction of the term "actual transfer" is consistent with its general understanding in the civil context, stating:

> It is a well-settled tenet of commercial law that the actual delivery of goods to a buyer's agent is tantamount to actual delivery to the buyer.... [D]elivery to a person appointed by the buyer to receive the goods, *or to any third person at the buyer's request or with his consent ... is sufficient.*

*Id.* at n. 5 (emphasis added).

The controlling issue in the present case is whether there was sufficient evidence for the jury to conclude that Jefferson was an agent of Officer Jones or, "at the least, that [Jefferson] was identified with [Officer Jones] in law and represented [her]." 834 S.W.2d at 355. Relevant to this inquiry is whether the evidence shows that the various individuals involved in the cocaine deal *understood that Jefferson was acting on Officer Jones' behalf in obtaining the cocaine. Id.*

Here, the evidence showed that Jefferson was appellant's neighbor. Jefferson offered to assist Officer Jones in the purchase of $100 worth of crack cocaine. Jefferson was in Officer Jones' car when they pulled up behind appellant's truck at the gas pump. Jefferson got out of the car, walked over to the truck and talked to appellant, and then returned to Officer Jones' car saying she would "set up a deal" for Jones' purchase of cocaine. Jefferson was in Officer Jones' car as they followed appellant's truck down a dirt road. When they stopped, Jefferson left the car with Officer Jones' $100, walked over to appellant's truck, and entered the truck on the passenger's side. She remained in the truck for about one minute talking with appellant. When she got out of the truck, she returned to Officer Jones' car, got inside the car, and handed $100 worth of crack cocaine to Officer Jones. After a few moments, Jefferson went back to appellant's truck and got in. She left the scene with appellant.

We find the evidence is more than sufficient for the jury to conclude that Jefferson was a representative of Officer Jones in this transaction. The evidence indicates that all of the parties involved (appellant, Jefferson, Officer Jones, and DeLoach) understood that Jefferson was acting on Officer Jones' behalf when she handed the $100 to appellant, and she received the five rocks of crack cocaine in return. Jefferson clearly acted at Officer Jones' request, and was authorized to receive the goods from appellant for Officer Jones. Jefferson acted simply as a representative of Officer Jones in the transaction.

■ Appellant next asserts that Officer Jones and DeLoach were accomplices to the transfer of cocaine because they gave appellant a pinch of a crack cocaine rock. Therefore, appellant argues that there was insufficient evidence to convict appellant because the testimony of Jefferson, an accomplice to the crime, was not corroborated.

Accomplice testimony by one witness cannot be corroborated by testimony of another accomplice. *Moron v. State*, 779 S.W.2d 399, 401 (Tex.Crim.App.1985). However, undercover officers are not accomplices if they do not bring about the crime, but merely obtain evidence to be used against those engaged in the crime. *Lopez v. State*, 574 S.W.2d 563, 565 (Tex. Crim.App.1978). Officer Jones and DeLoach did not "bring about" the crime of appellant transferring cocaine to them, by their giving Jefferson a portion of the cocaine. They gave the cocaine to Jefferson after the transaction took place. The mere fact that undercover officers participate in an act that would be criminal under other circumstances does not make them accomplices. *Ramos v. State*, 632 S.W.2d 688, 690 (Tex.App.—Amarillo 1982, no pet.); *Ochoa v. State*, 444 S.W.2d 763, 764 (Tex. Crim.App.1969) (undercover officers who smoked marijuana with appellants were not accomplices to possession).

Jones and DeLoach were not accomplices to the crime appellant was charged with. Jefferson's testimony was corroborated, and the evidence was sufficient to support appellant's conviction.

We overrule appellant's sole point of error.