Affirmed and Memorandum Opinion
filed January 25, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00991-CR



Tramaine
Sampson, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 228th District Court

Harris County, Texas

Trial Court
Cause No. 1185990



 

MEMORANDUM OPINION

Appellant Tramaine Sampson appeals his conviction for
delivery of a controlled substance.  In three issues, he claims the evidence is
legally and factually insufficient to support his conviction.  We affirm.

Houston Police Department Narcotics Division Officers
Jason Dunn and Esmeralda Esquibel often worked undercover to set up “buy busts”
by going into known drug neighborhoods and purchasing drugs.  During one such
operation, around 5:30 p.m., they approached Gregory Copeland about purchasing
marijuana or ecstasy.  Copeland made a phone call and then got in the officers’
undercover car and directed them to a fast food restaurant parking lot to purchase
ecstasy.  Another car, driven by appellant, pulled up beside them.  After
Officer Dunn gave Copeland a $100 bill (whose serial number he had recorded) to
make the deal, Copeland got into the other car.  Officer Esquibel could only
see that Copeland leaned over to appellant, but Officer Dunn, who was closer to
appellant’s car, could see that Copeland gave appellant the $100 bill and
appellant gave something back to Copeland, although he could not see what it
was.  Copeland returned to the officers’ car and handed Officer Esquibel ten
unpackaged ecstasy pills.

The officers gave a bust signal, and appellant was pulled
over shortly thereafter.  Appellant was very reluctant to get out of his car,
and the officer had to physically remove him.  The officer found the same $100
bill in appellant’s front pocket and an ecstasy pill similar to the ones
Copeland had given to Officer Esquibel on the ground at appellant’s feet. 
Appellant was handcuffed and placed in the back of the squad car.  Copeland
told the officer that he did not want to be placed in the squad car with
appellant because appellant would assume Copeland had set him up.  While in the
back of the squad car, appellant began making statements about not wanting to
go to jail and giving the officers whatever they needed.  Appellant told
Officer Esquibel that he could get someone to provide him with ecstasy and
directed Officer Esquibel to a phone number on his cell phone.  Appellant’s
contact could not be reached at that time, but he was later arrested for
charges involving ecstasy.

Appellant was charged with delivery of a controlled
substance over one gram but less than four grams.  At trial, both appellant and
Copeland testified that appellant did not give Copeland any drugs.  Rather, they
claimed Copeland owed appellant some money and that Copeland gave appellant the
$100 bill he obtained from the officers and appellant gave him change back. 
Copeland testified that the ecstasy he gave to the officers did not come from
appellant and that he actually had the ecstasy on him when the officers
approached him.  Appellant was convicted and sentenced to twenty-seven years of
confinement.  This appeal followed.

In three issues, appellant argues the evidence is
legally and factually insufficient to support his conviction.  While this
appeal was pending, the Court of Criminal Appeals held that only one standard
should be used to evaluate the sufficiency of the evidence in a criminal case:
legal sufficiency.  Brooks v. State, 323 S.W.3d 893, 894–94 (Tex. Crim. App.
2010) (plurality op.); id. at 914 (Cochran, J., concurring). 
Accordingly, we review the sufficiency of the evidence in this case under a
rigorous and proper application of the Jackson v. Virginia, 443 U.S. 307
(1979), legal sufficiency standard.  Brooks, 323 S.W.3d at 906; Pomier
v. State, No. 14-09-00247-CR, ___ S.W.3d ___, 2010 WL 4132209, at *2 (Tex.
App.—Houston [14th Dist.] Oct. 21, 2010, no pet. h.) (evaluating legal and
factually sufficiency challenges together under Brooks).  When reviewing
the sufficiency of the evidence, we view all of the evidence in the light most
favorable to the verdict to determine whether the fact finder was rationally
justified in finding guilt beyond a reasonable doubt. Brooks, 323 S.W.3d
at 899; Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). 
This court does not sit as a thirteenth juror and may not substitute its
judgment for that of the fact finder by re-evaluating the weight and
credibility of the evidence.  Brooks, 323 S.W.3d at 901–02; Williams,
235 S.W.3d at 750.  We defer to the fact finder’s resolution of conflicting
evidence unless the resolution is not rational.  Brooks, 323 S.W.3d at 902
n.19, 907.

The elements of the offense of delivery of a
controlled substance are: (1) a person (2) knowingly or intentionally (3)
delivers (4) a controlled substance.  Tex.
Health & Safety Code Ann. § 481.112(a) (West 2010). A delivery may
be affected through (1) actual transfer, (2) constructive transfer, or (3) an
offer to sell.  Id. § 481.002(8).  This conduct can be proved by
circumstantial evidence.  See Avila v. State, 15 S.W.3d 568, 573 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).  In viewing the record, direct and
circumstantial evidence are treated equally; circumstantial evidence is as probative
as direct evidence in establishing the guilt of an actor, and circumstantial
evidence alone can be sufficient to establish guilt.  Clayton v. State,
235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  Further, the “cumulative force” of
all the circumstantial evidence can be sufficient for a jury to find the
accused guilty beyond a reasonable doubt.  See Powell v. State, 194
S.W.3d 503, 507 (Tex. Crim. App. 2006).

In this case, the trial court submitted all three
theories of delivery to the jury, each of which authorized appellant’s
conviction either as a principal or as a party to a delivery by Copeland. 
Where, as here, the court’s charge authorized the jury to convict on more than
one theory, the verdict will be upheld if the evidence is sufficient on any one
of the theories.  Hubbard v. State, 896 S.W.2d 359, 361 (Tex.
App.—Houston [1st Dist.] 1995, no pet.).

We conclude that the evidence is sufficient to show
delivery by actual transfer.  The actual transfer method of delivery can be
proved by showing the defendant transferred drugs either to the buyer directly or
to someone acting on the buyer’s behalf.  See Heberling v. State, 834
S.W.2d 350, 354 (Tex. Crim. App. 1992); Fletcher v. State, 39 S.W.3d
274, 279 (Tex. App.—Texarkana 2001, no pet.); Cohea v. State, 845 S.W.2d
448, 451 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).  It is undisputed
that Copeland was acting on behalf of the buyers, who were the undercover
officers.  Appellant argues that the evidence is insufficient because the
officers did not see what appellant handed to Copeland, the officers did not
search Copeland before or after to determine if he had drugs on him before or
cash on him after, and both he and Copeland testified that appellant did not
give Copeland any drugs.  However, this argument overlooks significant
circumstantial evidence presented, including:

·       
The officers initially approached Copeland for drugs and
specifically discussed ecstasy, but Copeland did not state that he had any
drugs and instead called appellant to set up a drug deal.  Copeland then
directed the officers to a location for the express purpose of buying ecstasy.

·       
Copeland handed Officer Esquibel ten loose tablets of ecstasy
immediately after his exchange with appellant, and the pills were small enough
to fit inside a closed fist.

·       
When appellant was stopped, an officer found the $100 bill in his
pocket and an ecstasy pill similar to the ones Copeland gave to the officers at
his feet.

·       
Copeland did not tell the police at the time that the ecstasy was
his, and he was afraid to be placed in the squad car with appellant because
appellant would think Copeland set him up.

·       
Upon being handcuffed, appellant began making statements about
helping the police and getting them someone else who could sell them ecstasy,
and the information he provided police resulted in his contact being arrested
on an ecstasy charge.

The jury heard all of this evidence and obviously
disbelieved appellant and Copeland, as was its province.  Even though the
officers did not see the drugs themselves being handed from appellant to
Copeland, the cumulative force of the circumstantial evidence was sufficient to
allow a rational jury to find that appellant gave Copeland ten ecstasy pills to
give to the officers.  As such, the evidence is sufficient to support
appellant’s conviction.  We overrule appellant’s first and second issues[1] and affirm
the trial court’s judgment.

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

Panel consists of Chief Justice Hedges,
Justice Jamison, and Senior Justice Hudson.*

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

*Senior
Justice J. Harvey Hudson, sitting by assignment.









[1]
As such, we need not address appellant’s third issue in which he argues the
evidence is insufficient to convict him as a party to the offense.