# NOS. 12-11-00385-CR
# 12-11-00386-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LEE ALBERT COLLINS,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Lee Albert Collins appeals his two convictions for delivery of a controlled substance.   In one issue, Appellant argues that the evidence is insufficient to support the convictions.   We affirm.

### BACKGROUND

In January 2010 and again in February 2010, Bobby Betsill purchased crack cocaine from Appellant in Houston County, Texas.  Betsill was working with Greg Schroeder, an agent for the Texas Department of Public Safety (DPS).  Schroeder vetted Betsill prior to engaging him as a confidential informant and monitored and recorded his telephone calls with Appellant.   Before both of the transactions, Schroeder searched Betsill and equipped him with a concealed audio and video recording device.   For the second transaction, Schroeder actually concealed himself in the back of Betsill's vehicle and was able to observe the events leading up to the drug transaction.   Betsill was paid two hundred dollars for each transaction.

A Houston County grand jury returned indictments against Appellant alleging that he committed two separate delivery of a controlled substance offenses.   The grand jury also alleged that

he had a prior and unrelated felony conviction. Appellant waived trial by jury and pleaded not guilty. The trial court heard evidence and found Appellant guilty as charged. The trial court found the enhancement paragraph to be true and assessed a sentence of imprisonment for sixty years in each case. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In one issue, Appellant argues that the evidence is insufficient to support the convictions because the evidence showed only that Appellant delivered cocaine to the confidential informant but the indictment alleged that he delivered cocaine to the DPS agent.

**Standard of Review and Applicable Law**

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality opinion). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id*.

As alleged in the indictments, the State's evidence had to show that Appellant delivered, by

actual transfer, a controlled substance listed in Penalty Group 1 in an amount of more than one gram but less than four grams to Greg Schroeder. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (c) (West 2010). Cocaine is listed in Penalty Group 1. *See id*. § 481.102(3)(D) (West 2010).

## Analysis

Appellant argues that the evidence does not show that he delivered cocaine to Greg Schroeder, as the indictment charges. Based on the court of criminal appeals decision in *Heberling v. State*, 834 S.W.2d 350 (Tex. Crim. App. 1992), Appellant argues that he must be acquitted because there is no evidence that he was aware of the agency relationship between Betsill, the informant, and Schroeder, the police officer.

In *Heberling*, the defendant delivered cocaine to a person named Nagid. *Heberling v. State*, 814 S.W.2d 183, 184 (Tex. App.–Houston [1st Dist.] 1991), *aff'd*, 834 S.W.2d 350 (Tex. Crim. App. 1992) (en banc). Nagid was working with a police officer and that relationship, if not the officer's place of employment, was known to the defendant. The court of appeals held that the evidence was sufficient either under the law of parties or on the basis of an agency relationship between Nagid and the police officer to prove that the defendant had delivered, by actual transfer, the cocaine to the officer even though the defendant delivered the cocaine to Nagid only. *Id*. at 185. The defendant filed a petition for discretionary review and argued that he could not be found guilty as a party to the offense because the jury had not been charged on a theory of accomplice liability that included Nagid. The court of criminal appeals agreed, holding that if "the definition of actual transfer contemplates only a transferee, the evidence adduced at trial is insufficient to support a conviction under the jury charge as worded in the instant case." *Heberling*, 834 S.W.2d at 354. To resolve the issue presented in that case, the court held that "actual transfer or delivery, as commonly understood, contemplates the manual transfer of property from the transferor to the transferee or to the transferee's agents or to someone identified in law with the transferee." *Id*.

In *Heberling* the court described the proof of actual agency as "foremost" in terms of importance. *Id*. at 355. In the next sentence, the court noted that "in addition," there was evidence that the individuals involved in the transaction were aware that Nagid was the officer's agent. *Id*. Appellant also cites *Cohea v. State*, 845 S.W.2d 448 (Tex. App.–Houston [1st Dist.] 1993, pet. ref'd), in which the court held that the evidence was sufficient to show that the informant was acting on the officer's behalf and also held that it was "relevant" that the parties understood that relationship.

3

Appellant argues that *Heberling* and *Cohea* stand for the proposition that there must be proof in this case that he knew Betsill was an agent of the police officer. Otherwise, he asserts, the respective courts would not have concerned themselves with what the defendant in *Heberling* knew about Nagid or what the parties knew about the relationship of the individuals in *Cohea*. Appellant does not dispute that Betsill is an agent of Schroeder in this case. Instead, he argues that he cannot be liable for a transfer to Schroeder through Betsill because he did not know Betsill was working for Schroeder or for anyone. We disagree.

The court's use in the *Heberling* decision of the modifier "foremost" is not unintentional. And the formulation of the proof necessary was careful and deliberate. This is especially so as the court had held that an acquittal was required if the term transfer could only mean a physical transfer to the party named in the indictment. Appellant seizes on the second sentence, in which the court notes that all of the parties understood that Nagid was an agent. *Id*. at 355. But this sentence can be understood to mean that the knowledge of the parties was evidence of the agency relationship, not a requirement that a defendant be aware of the agency relationship. Similarly, the *Cohea* decision describes the knowledge of the defendant and other parties to the transaction of the agency relationship as "relevant," but relevant to the question for the jury of whether the agent was in fact an agent of the police officer, not an element of the offense. *See Cohea*, 845 S.W.2d at 451.

In a concurring opinion issued a decade after the *Heberling* decision, Judge Cochran wrote as follows:

> This Court's decision in *Heberling* made it clear that, if the evidence is such that a reasonable jury could conclude that an intermediary was an undercover officer's agent or representative, then proof beyond a reasonable doubt of an actual transfer from a defendant to that agent is legally sufficient to convict that defendant of an actual transfer to the undercover officer, whether or not the trial court instructed the jury on agency.

*Marable v. State*, 85 S.W.3d 287, 291 (Tex. Crim. App. 2002) (Cochran, J., concurring). This formulation does not require actual knowledge by a defendant of the agency relationship. By contrast, Judge Cochran noted that constructive transfer, a different type of delivery, does require a showing that the defendant was "'at least aware of the existence of an ultimate transferee before he may be said to have delivered or made a delivery of a controlled substance to another through a third party.'" *Id*. (quoting *Gonzalez v. State*, 588 S.W.2d 574, 577 (Tex. Crim. App. 1979)).

4

We agree with Judge Cochran's assessment of the ***Heberling*** decision. In her opinion, Judge Cochran notes the evidence in that case was sufficient to prove an actual transfer from the defendant to the officer, even though the defendant actually transferred the contraband to an agent. ***Id***. at 293. Furthermore, although it was not an issue, there was no evidence in the ***Marable*** case that the defendant was aware of the agency relationship

The same issue is presented in this case. In accordance with the court's decision in ***Heberling***, we hold that proof of actual delivery to an agent is sufficient to prove actual delivery to the principal. There was such proof in this case, and the evidence is sufficient to support the verdict. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 12, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JUNE 12, 2013**

**NOS. 12-11-00385-CR**

**12-11-00386-CR**

**LEE ALBERT COLLINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeals from the 349th Judicial District Court

of Houston County, Texas. (Tr.Ct.Nos. 10CR-202; 10CR-205)

---

THESE CAUSES came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there were no errors in the judgments.

It is therefore ORDERED, ADJUDGED and DECREED that the judgments of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*